# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0094, <u>Appeal of Town of Troy</u>, the court on January 21, 2015, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case.

The Town of Troy (town) appeals an order of the New Hampshire State Board of Education (BOE). The BOE denied a petition for declaratory judgment filed by the town which sought a ruling to invalidate a vote by the Monadnock Regional School District (MRSD). The town is a member of that district. Laws 1961, ch. 233. The town argues that: (1) the BOE's decision is not consistent with the language or purpose of the contested regulation; (2) due process required that the town receive notice before the BOE voted on the town's petition; and (3) the articles of agreement established by the MRSD form a contract and the actions taken by the MRSD violated the contract. We affirm.

We briefly summarize the record before us. The MRSD was established in 1961. Laws 1961, ch. 233. A change in the apportionment formula for operating costs was approved at the annual district meeting in March 2013. At its July 18, 2013 meeting, the BOE adopted the following motion: "[T]hat the State Board of Education, having found that the vote was properly noticed and the necessary approval by the voters having been obtained, does now issue its certificate to the Monadnock Regional Cooperative School District." The minutes of the July meeting also stated that issuance of the certificate "will provide the district with conclusive evidence of lawful adoption of a change in the Monadnock Regional Cooperative School District apportionment formula for operating expenses." Under the BOE's administrative rules, any party to the BOE's decision is authorized to file a motion for rehearing within thirty days of the day of the decision. <u>N.H. Admin. Rules</u>, Ed. 213.02.

More than seven months after the annual district meeting, the town filed a petition for declaratory judgment with the BOE seeking a declaration that "the amendment adopted at the 2013 annual meeting [of the MRSD] to the Monadnock Regional School District allocation of expenses be declared null and void and of no effect." The town argued that because the revised apportionment formula was neither proposed nor recommended by the MRSD board, it did not comply with the requirements imposed by statute to set the apportionment formula.

On November 26, 2013, the BOE issued its ruling in which it concluded that it lacked jurisdiction to grant the relief requested in the town's petition for

declaratory judgment. The BOE explained that the town's petition requested nullification of the March 2013 adoption of the revised apportionment formula, a request for equitable relief that was outside the BOE's jurisdiction. The BOE further ruled that to the extent that the town's petition might "be construed as a motion to reconsider the BOE's July 2013 decision certifying the vote and approving the apportionment formula, the motion is significantly untimely and therefore DENIED."

RSA chapter 541 governs our review of the board's decisions. See N.H. Admin. Rules, Ed 213.01. Under RSA 541:13 (2007), we will not set aside the board's order except for errors of law, unless we are satisfied, by a clear preponderance of the evidence, that it is unjust or unreasonable.

The record before us indicates that the MRSD board discussed the petitioned article as early as January 8, 2013. The language of the proposed article was approved at the February 9, 2013 meeting of the MRSD; the BOE approved the proposed language at its February 20, 2013 meeting. The article was adopted in March 2013 at the MRSD annual meeting. Given the public nature of the proceedings, the town had notice of the proposed article before the school district voted to revise the apportionment formula, and notice of the school district's action in approving the article.

Based upon our review of the BOE's order, the town's challenges to it, and the record submitted on appeal, we conclude that the town has not demonstrated reversible error. Gallo v. Traina, 166 N.H. ___, ___ (decided September 12, 2014) (appealing party has burden of demonstrating reversible error).

Affirmed.

DALIANIS, C.J., and HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,
Clerk**